# IN THE UNITED STATES DISTRICT COURT

# DISTRICT OF UTAH

| | |
|---|---|
| **HAWLEY MCKINNEY,**<br><br>          **Plaintiff,**<br><br>v.<br><br>**RIGHT AT HOME IN-HOME CARE & ASSISTANCE [RAH]; FRANK BARTON, in his official capacity as the owner of RAH, and personally for all non-Title VII claims,**<br><br>          **Defendants.** | **MEMORANDUM DECISION AND ORDER**<br><br><br><br>Case No. 2:20-cv-00472-JCB<br><br><br><br><br><br>**Magistrate Judge Jared C. Bennett** |

All parties in this case have consented to Magistrate Judge Jared C. Bennett conducting all proceedings, including entry of final judgment.[1] 28 U.S.C. § 636(c); Fed. R. Civ. P. 73. Before the court is Defendants Right at Home In-Home Care & Assistance ("RAH") and Frank Barton's ("Mr. Barton") (collectively, "Defendants") motion to dismiss.[2] The court held oral argument on Defendants' motion on November 3, 2020,[3] at which Loren M. Lambert represented Plaintiff Hawley McKinney ("Ms. McKinney"), and Liesel B. Stevens represented Defendants. The court has carefully considered the parties' written submissions and arguments from the

---

[1] ECF No. 14.

[2] ECF No. 7.

[3] ECF No. 18.

hearing. Now being fully advised, the court renders the instant Memorandum Decision and Order. Based upon the analysis set forth below, Defendants' motion to dismiss is granted.

## **BACKGROUND**[4]

Ms. McKinney worked as a caregiver with RAH from January 31, 2018, until June 12, 2018.[5] On June 12, 2018, Defendants assigned Ms. McKinney to care for one of RAH's patients, who is identified in the complaint as Patient Xhaqkaj.[6]

On the day of Ms. McKinney's assignment, Patient Xhaqkaj touched Ms. McKinney inappropriately.[7] Ms. McKinney communicated her concerns about the inappropriate touching to her supervisor.[8] The supervisor told Ms. McKinney "that she needed to complete her assignment and that such problems were just part of working with certain types of patients, like Patient Xhaqkaj."[9]

Ms. McKinney proceeded with her assignment to care for Patient Xhaqkaj.[10] At one point during her assignment, Patient Xhaqkaj kissed Ms. McKinney's hands and cheek.[11] In

---

[4] In reciting the background for Defendants' motion to dismiss, the court assumes all the well-pleaded factual allegations in Ms. McKinney's complaint are true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[5] ECF No. 3 at ¶¶ 6, 8.

[6] *Id*. at ¶ 9.

[7] *Id*. at ¶ 12.

[8] *Id*.

[9] *Id*.

[10] *Id*. at ¶ 13.

[11] *Id*.

response, Ms. McKinney forcefully instructed Patient Xhaqkaj to leave her alone.[12] Although Patient Xhaqkaj refrained from touching Ms. McKinney for a time, he eventually touched Ms. McKinney's leg and attempted to put his hand up Ms. McKinney's shirt.[13] At that point, Ms. McKinney again notified her supervisor of Patient Xhaqkaj's actions.[14] The supervisor instructed Ms. McKinney to complete her shift and to tell Patient Xhaqkaj "no" if he attempted to touch her again.[15] Later that same day, Patient Xhaqkaj sexually assaulted Ms. McKinney in a forceful manner.[16]

Before accepting the assignment to care for Patient Xhaqkaj, Defendants did not inform Ms. McKinney that Patient Xhaqkaj had, among other things, touched other caregivers inappropriately; attempted to kiss other caregivers' hands; made sexual advances and gestures toward other caregivers; engaged in inappropriate "romantic behaviors" with other caregivers; been "amorous and touchy" with other caregivers; made inappropriate sexual remarks to other caregivers; and attempted to lick one caregiver's face, neck, and hands.[17]

---

[12] *Id*.

[13] *Id*.

[14] *Id*.

[15] *Id*. at ¶ 14.

[16] *Id*.

[17] *Id*. at ¶¶ 10-11, 22.

In her complaint, Ms. McKinney names RAH and Mr. Barton in his "official capacity."[18] Mr. Barton is identified in Ms. McKinney's complaint as the "owner and highest official" of RAH.[19]

Ms. McKinney's first cause of action is for sexual discrimination and sexual harassment under Title VII.[20] Ms. McKinney generally alleges that Defendants had a duty to protect her from patients "who they knew, or should have known, would engage in sexual discrimination manifested through sexual harassment against [their] employees, including" Ms. McKinney.[21] She further alleges that Defendants had duties to "competently and reasonably vet patients"; "obtain and read medical records about the patients . . . they would assign to their workforce"; "seriously consider any complaints about their patients"; conduct investigations about those complaints; and "decline to assign their workforce to patients . . . they knew, or should have known, were expected or had a proclivity to engage in inappropriate sexual behavior, inappropriate touching, and to sexually act out."[22] Ms. McKinney alleges that Defendants violated those duties when they assigned her to care for Patient Xhaqkaj, "thereby causing her expected and serious physical and mental harm."[23]

---

[18] *Id*. at 1.

[19] *Id*. at ¶ 19.

[20] *Id*. at ¶¶ 20-24.

[21] *Id*. at ¶ 20.

[22] *Id*. at ¶ 21.

[23] *Id*. at ¶¶ 20, 24.

Ms. McKinney's complaint contains a second cause of action, which is intended to apply if Title VII does not.[24] That cause of action is based on the same basic substantive allegations supporting her first cause of action but are based in Utah tort law instead of Title VII. Ms. McKinney again alleges that Defendants owed her the same duties noted above and breached those duties, "thereby causing her expected serious physical and mental harm."[25]

Defendants moved to dismiss Mr. Barton as a party defendant from Ms. McKinney's first cause of action and moved to dismiss the alternative, second cause of action in its entirety.[26] Specifically, Defendants contend that Mr. Barton is not a property party defendant to a Title VII claim where, as here, RAH is also a named party defendant. Defendants also contend that the second cause of action attempts to state tort claim based on negligence and, therefore, is barred by the Utah Workers' Compensation Act.

## LEGAL STANDARDS

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Iqbal,* 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A court should "assume the factual allegations are true and ask whether it is plausible that the plaintiff is entitled to relief." *Gallagher v. Shelton*, 587 F.3d 1063, 1068 (10th Cir. 2009). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might

---

[24] *Id*. at ¶¶ 25-30.

[25] *Id*. at ¶¶ 26, 30.

[26] ECF No. 7.

5

present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991). Thus, "the complaint must give the court reason to believe that this plaintiff has reasonable likelihood of mustering factual support for these claims." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis omitted).

## ANALYSIS

Based upon the following analysis, the court orders that: (1) Ms. McKinney's Title VII claim against Mr. Barton is dismissed with prejudice; and (2) Ms. McKinney's second cause of action is dismissed with leave to amend. The court addresses each of those issues below.

### I. Ms. McKinney's Title VII Claim Against Mr. Barton Is Dismissed with Prejudice.

Ms. McKinney's Title VII claim against Mr. Barton is dismissed with prejudice because it is superfluous given that Ms. McKinney has also asserted a Title VII claim against her employer, RAH. In response to Defendants' motion to dismiss the Title VII claim against Mr. Barton, Ms. McKinney contends that because Mr. Barton is being sued in his "official capacity," and not in his individual capacity,[27] her Title VII claim against him should not be dismissed. *Sauers v. Salt Lake Cnty.*, 1 F.3d 1122, 1125 (10th Cir. 1993) ("Under Title VII, suits against individuals must proceed in their official capacity; individual capacity suits are inappropriate."). The court disagrees.

---

[27] In their motion to dismiss, Defendants correctly argue that Mr. Barton cannot be held personally liable under Title VII. *Haynes v. Williams*, 88 F.3d 898, 901 (10th Cir. 1996). In her response to Defendants' motion, Ms. McKinney concedes that she is not asserting her Title VII claim against Mr. Barton in his individual capacity. ECF No. 11 at 4.

Under *Sauers*, Ms. McKinney cannot pursue Title VII claims against both RAH and Mr. Barton. In *Sauers*, the court stated: "'We think the proper method for a plaintiff to recover under Title VII is by suing the employer, *either* by naming the supervisory employees as agents of the employer *or* by naming the employer directly.'" *Id.* (quoting *Busby v. City of Orlando*, 931 F.2d 764, 772 (11th Cir. 1991)) (emphasis added). Thus, although *Sauers* allows for a Title VII claim against an individual in his or her official capacity, the disjunctive language quoted above indicates that it also approves for a Title VII claim only against an individual in his or her official capacity or against the employer. In fact, courts in the Tenth Circuit have held that a Title VII claim against an individual in his or her official capacity is superfluous when the claim is also asserted against the employer entity. *Lewis v. Four B Corp.*, 211 F. App'x 663, 665 n.2 (10th Cir. 2005) ("[S]upervisors may be named in their official capacity and/or as alter egos of the employer, but just as a means to sue the employer, . . . and this procedural mechanism is superfluous where, as here, the employer is already subject to suit directly in its own name." (citing *Haynes*, 88 F.3d at 899; *Sauers*, 1 F.3d at 1125)); *Wassom v. Wright*, No. 216-cv-01143-JNP-PMW, 2017 WL 4737256, at *8 (D. Utah Oct. 19, 2017) (providing that when a Title VII claim is asserted against both the employer entity and a supervisor in his or her official capacity, the claim against the supervisor is superfluous and "courts in the Tenth Circuit regularly dismiss claims against a supervisory employee in his or her official capacity" (quotations and citation omitted)); *Barrera v. Casey's Gen. Stores, Inc.*, No. 13-1146-JTM, 2013 WL 3756566, at *2 (D. Kan. July 15, 2013) (providing, in the Title VII context, that "[w]hen a plaintiff names as defendants both the employer and an employee in his or her official capacity, the claims against the employee merge with the claims against the employer").

Based upon those authorities, the court concludes that Ms. McKinney's Title VII claim against Mr. Barton is redundant and unnecessary because she has also asserted a Title VII claim against RAH. Therefore, Ms. McKinney's Title VII claim against Mr. Barton is dismissed with prejudice.

## II.     Ms. McKinney's Second Cause of Action Is Dismissed with Leave to Amend.

As currently pleaded, Ms. McKinney's second cause of action fails to state a claim for relief because it is unclear whether such a cause of action is recognized under Utah law. When analyzing a motion to dismiss under Rule 12(b)(6), the court incorporates Rule 8 into its analysis. *U.S. ex rel. Lemmon v. Envirocare of Utah, Inc.*, 614 F.3d 1163, 1171 (10th Cir. 2010). Under Rule 8 as Rule 12(b)(6) incorporates it, "[t]he factual allegations, assumed to be true, must do more than create speculation or suspicion of *a legally cognizable cause of action*; they must show *entitlement* to relief." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (citing *Twombly*, 550 U.S. at 555) (first emphasis added). Indeed, to state a claim under Rule 12(b)(6), plaintiffs must plead a cause of that is legally recognized under the law of the jurisdiction providing the rule of decision. *Odyssey Marine Expl., Inc. v. Unidentified, Shipwrecked Vessel or Vessels*, 512 F. App'x 890, 894 (11th Cir. 2013) (dismissing claim because cause of action was not recognized under state law, which provided rule of decision); *Campbell v. M&T Bank*, No. 16-CV-118, 2018 WL 401523, *12 (W.D. Pa. Jan. 12, 2018) (dismissing claim "because the Court cannot identify a legally-cognizable cause of action that aligns with the allegations of Count III"); *Momot v. City of Phila.*, No. 11-CV-7806-JD, 2012 WL 1758630, *3 (E.D. Pa. May 16, 2012) (dismissing state-law cause of action "because there is no recognized cause of action under the Pennsylvania Constitution"); *Irvin v. Dillard Dep't Stores, Inc.*, No.

8

4:05-CV-1795-CAS, 2006 WL 680941, *1 (E.D. Mo. March 15, 2006) (denying motion to reconsider dismissal of claim "for failure to state a claim because it is not a recognized cause of action in Missouri").

Here, Ms. McKinney's second cause of action fails to plead a recognized claim under Utah law. At oral argument, when the court directly questioned Ms. McKinney's counsel about the specific cause of action Ms. McKinney was asserting, her counsel called it "expected endangerment." Although Ms. McKinney's counsel was able to identify certain elements for that cause of action, he did not provide any legal authority under Utah law for the existence of such a cause of action or its corresponding elements. The court's own research has not found any legal authority under Utah law to support a cause of action for "expected endangerment" or for any claim that would include the elements Ms. McKinney's counsel identified at oral argument. Although Ms. McKinney's counsel argued that the second cause of action was not based in negligence,[28] counsel also did not specifically contend that it was an intentional tort. Instead, he indicated that it existed somewhere on the "spectrum" between a theory of negligence and an intentional tort.

Under these circumstances, the court concludes that Ms. McKinney's second cause of action fails to state a claim because it does not identify a legally recognized claim under Utah law, show that Utah law would recognize such a claim, or allege sufficient facts to satisfy the elements of such a claim. Therefore, that cause of action is dismissed. However, Ms. McKinney

---

[28] As Defendants correctly argue, if Ms. McKinney's second cause of action were based upon a theory of negligence, then it would be barred by the Utah Workers' Compensation Act. Utah Code § 34A-2-105(1); *Gunderson v. May Dep't Stores Co.*, 955 P.2d 346, 352 (Utah Ct. App. 1998); *see also Mounteer v. Utah Power & Light Co.*, 823 P.2d 1055, 1059 (Utah 1991).

is provided leave to amend her complaint as to her second cause of action only. If she chooses to amend, she must file her amended complaint on or before December 31, 2020. Any amendment to her second cause of action must comply with the pleading standards set forth above.

## CONCLUSION AND ORDER

Based upon the foregoing, IT IS HEREBY ORDERED:

1. Defendants' motion to dismiss[29] is granted.

2. Ms. McKinney's cause of action under Title VII against Mr. Barton is dismissed with prejudice.

3. Ms. McKinney's second cause of action is dismissed in its entirety with leave to amend.

4. Ms. McKinney is permitted to amend her complaint as to her second cause of action only.

5. Ms. McKinney shall file her amended complaint, if any, on or before December 31, 2020.

IT IS SO ORDERED.

DATED December 7, 2020.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge

---

[29] ECF No. 7.