FILED
2021 MAR 8 PM 12:54
CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| **HAWLEY MCKINNEY,**<br><br>　　**Plaintiff,**<br><br>v.<br><br>**RIGHT AT HOME IN-HOME CARE & ASSISTANCE [RAH], et al.,**<br><br>　　**Defendants.** | **MEMORANDUM DECISION AND ORDER**<br><br><br>**Case No. 2:20-cv-00472-JCB**<br><br><br>**Magistrate Judge Jared C. Bennett** |

Under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, all parties in this case have consented to Magistrate Judge Jared C. Bennett conducting all proceedings, including entry of final judgment.[1] Before the court is Defendants Right at Home In-Home Care & Assistance ("RAH") and Frank Barton's ("Mr. Barton") (collectively, "Defendants") motion to dismiss.[2] The court has carefully reviewed the written memoranda submitted by the parties. Under DUCivR 7-1(f), the court concludes that oral argument is not necessary and, therefore, decides the motion on the written memoranda. Based upon the analysis set forth below, the court grants Defendants' motion and dismisses Plaintiff Hawley McKinney's ("Ms. McKinney") cause of action for "Intentional and Expected Infliction of Physical and Mental Harm" with prejudice.

---

[1] ECF No. 14.

[2] ECF No. 30.

## BACKGROUND

On July 1, 2020, Ms. McKinney filed her original complaint in this action.[3] In that complaint, Ms. McKinney asserted a cause of action against both RAH and Mr. Barton for sexual discrimination and sexual harassment under Title VII.[4] Ms. McKinney also asserted a second cause of action for "Intentional and Expected Infliction of Physical and Mental Harm," which was intended to apply if Title VII did not.[5]

On September 28, 2020, Defendants moved to dismiss Ms. McKinney's original complaint.[6] The court held oral argument on Defendants' motion on November 3, 2020.[7] After carefully considering the parties' written submissions and arguments from the hearing, the court issued a Memorandum Decision and Order granting Defendants' motion on December 7, 2020.[8] The court concluded that Ms. McKinney's Title VII claim against Mr. Barton was redundant and unnecessary because she also asserted a Title VII claim against RAH.[9] Therefore, the court dismissed Ms. McKinney's Title VII claim against Mr. Barton with prejudice.[10] The court also concluded that Ms. McKinney's second cause of action failed to state a claim upon which relief

---

[3] ECF No. 3.

[4] *Id*. at ¶¶ 20-24.

[5] *Id*. at ¶¶ 25-30.

[6] ECF No. 7.

[7] ECF No. 18.

[8] ECF No. 21.

[9] *Id*. at 6-8.

[10] *Id*.

can be granted because, as pleaded, it did not identify a legally recognized claim under Utah law, show that Utah law would recognize such a claim, or allege sufficient facts to satisfy the elements of such a claim.[11]  Accordingly, the court dismissed Ms. McKinney's second cause of action with leave to amend as to that cause of action only.[12]  The court indicated that any amendment to Ms. McKinney's second cause of action was required to be filed on or before December 31, 2020 and comply with the minimum pleading standards the court identified in the Memorandum Decision and Order.[13]

Ms. McKinney filed an amended complaint on December 29, 2020.[14]  The factual allegations in that amended complaint are substantively identical to those set forth in Ms. McKinney's original complaint.[15]  Ms. McKinney asserts a Title VII claim against RAH[16] and, as she did in her original complaint, an alternative claim for "Intentional and Expected Infliction of Physical and Mental Harm."[17]  Ms. McKinney's amended second cause of action is based upon the same factual allegations supporting the second cause of action in her original

---

[11] *Id*. at 8-10.

[12] *Id*.

[13] *Id*. at 10.

[14] ECF No. 26.

[15] The court recited a detailed factual background in its December 7, 2020 Memorandum Decision and Order.  ECF No. 21 at 2-5.  Given that the factual allegations from Ms. McKinney's original complaint and amended complaint are substantively identical, the court will not repeat that factual background but instead incorporates it here by reference.

[16] ECF No. 26 at ¶¶ 20-24.

[17] *Id*. at ¶¶ 25-37.

complaint. The amendments to the second claim focus on an exception to the preemption of workplace injury claims under the Utah Workers' Compensation Act. Ms. McKinney cites to *Helf v. Chevron U.S.A., Inc.*[18] for the proposition that workplace injury claims based on intentional misconduct are not preempted.[19] After setting forth that principle, Ms. McKinney asserts that she has alleged sufficient facts for her amended second cause of action to survive, as long as those facts "allege an intentional injury by showing that the injury was expected to occur."[20] Ms. McKinney then essentially contends, as her counsel did at oral argument on Defendants' first motion to dismiss, that her amended claim lies somewhere between a claim based on negligence and a claim based on intentional misconduct. Specifically, Ms. McKinney asserts "that the continuum of mental intent from 'careless' to 'maliciously intentional' would place an employer who expects that certain harms will occur to its employees, as acting negligently but still with sufficient mental intent to survive the preclusive" effect of the Utah Workers' Compensation Act.[21] Finally, Ms. McKinney requests that, if her amended second cause of action is dismissed, she be allowed to amend her complaint again to assert a claim for "negligent infliction of emotional harm against her."[22]

---

[18] 2009 UT 11, 203 P.3d 962.

[19] ECF No. 26 at ¶¶ 32-33.

[20] *Id.* at ¶ 35.

[21] *Id.* at ¶ 37.

[22] *Id.*

4

Defendants now move to dismiss Ms. McKinney's amended second cause of action.[23] Defendants contend that Ms. McKinney's reboot of her second cause of action does not fix the problems for which the court dismissed it the first time, and, therefore, it should be dismissed with prejudice. The court agrees.

## LEGAL STANDARDS

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'"[24] A court should "assume the factual allegations are true and ask whether it is plausible that the plaintiff is entitled to relief."[25] "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."[26] Thus, "the complaint must give the court reason to believe that this plaintiff has reasonable likelihood of mustering factual support for these claims."[27]

## ANALYSIS

Based upon the following analysis, the court concludes that: (1) Ms. McKinney's amended second cause of action fails to state a claim upon which relief can be granted, and

---

[23] ECF No. 30.

[24] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[25] *Gallagher v. Shelton*, 587 F.3d 1063, 1068 (10th Cir. 2009).

[26] *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991).

[27] *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis omitted).

(2) providing her with leave to amend that cause of action again would be futile. Therefore, the court grants Defendants' motion to dismiss and dismisses Ms. McKinney's second cause of action with prejudice.

I.  **Ms. McKinney's Amended Second Cause of Action Fails to State a Claim Upon Which Relief Can Be Granted.**

In its December 7, 2020 Memorandum Decision and Order, the court provided clear guidance on the minimum pleading standards under Fed. R. Civ. P. 8 and 12.[28] Notwithstanding that guidance, Ms. McKinney's amended second cause of action again fails to plead a recognized claim under Utah law. Indeed, Ms. McKinney does not identify a specific cause of action under Utah law, set forth the elements of any cause of action under Utah law, provide the elements of a cause of action that the Utah Supreme Court would recognize, or indicate how the facts she alleges meet any elements of such a cause of action.[29] Instead, she again asserts that her claim is based on neither negligence nor intentional misconduct but exists somewhere on the "continuum" between those two theories. The "continuum" cause of action does not exist in Utah or, as far as the court can tell, anywhere else. Because Ms. McKinney's amended second cause of action fails to state a viable legal cause of action or facts that, if accepted as true, would plausibly establish such a claim, it must be dismissed under Rule 12(b)(6). Therefore, the court grants Defendants' motion and dismisses that cause of action.

---

[28] ECF No. 21 at 8-9.

[29] In her response to Defendants' motion to dismiss, Ms. McKinney recites the elements under Utah law for civil assault and intentional infliction of emotional distress. ECF No. 31 at 6. However, those claims and their elements are not included in her amended complaint. Thus, the court declines to consider whether either of those causes of action would be viable here.

## II. It Would Be Futile to Provide Ms. McKinney With Another Opportunity to Amend Her Second Cause of Action.

As noted above, Ms. McKinney requests that, if her second cause of action is dismissed, she be allowed to amend her complaint again to assert a claim for "negligent infliction of emotional harm against her."[30] Because providing Ms. McKinney with another opportunity to amend her second cause of action would be futile, the court denies her request and dismisses that cause of action with prejudice.

Under Fed. R. Civ. P. 15(a)(2), "[t]he court should freely give leave" to amend pleadings "when justice so requires."[31] However, even under the liberal standard for amending pleadings, "the district court may deny leave to amend where amendment would be futile. A proposed amendment is futile if the complaint, as amended, would be subject to dismissal."[32] "Thus, in evaluating a proposed amendment for futility, the court must apply the same standard it would apply in evaluating a Rule 12(b)(6) motion to dismiss the proposed amended complaint."[33]

As the court noted in its December 7, 2020 Memorandum Decision and Order, Defendants previously and correctly argued that if Ms. McKinney's second cause of action were based upon a theory of negligence, it would be barred by the Utah Workers' Compensation Act.[34]

---

[30] ECF No. 26 at ¶ 37.

[31] Fed. R. Civ. P. 15(a)(2); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962).

[32] *Bradley v. Val-Mejias*, 379 F.3d 892, 901 (10th Cir. 2004) (quotations and citation omitted)

[33] *Golden v. Mentor Capital, Inc.*, No. 2:15-CV-176-JNP-BCW, 2015 WL 13631247, at *1 (D. Utah Sept. 29, 2015) (citing *Bradley*, 379 F.3d at 901).

[34] Utah Code Ann. § 34A-2-105(1); *Gunderson v. May Dep't Stores Co.*, 955 P.2d 346, 352 (Utah Ct. App. 1998) (stating that "[i]t is well established under Utah law that the exclusive remedy provision of the [Utah] Workers' Compensation Act stands as a total bar to negligence suits

Therefore, it would be futile to provide Ms. McKinney with leave to assert such a claim. Accordingly, the court denies Ms. McKinney's request and dismisses her second cause of action with prejudice.

## CONCLUSION AND ORDER

Based upon the foregoing, IT IS HEREBY ORDERED:

1. Defendants' motion to dismiss[35] is GRANTED.

2. Ms. McKinney's cause of action for "Intentional and Expected Infliction of Physical and Mental Harm" is DISMISSED WITH PREJUDICE.

IT IS SO ORDERED.

DATED March 8, 2021.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge

---

against covered employers" and holding that the Utah Workers' Compensation Act barred the plaintiff's claim for negligent infliction of emotional distress); *see also Mounteer v. Utah Power & Light Co.*, 823 P.2d 1055, 1059 (Utah 1991) (providing that a claim for negligent infliction of emotion distress claim "would clearly come within the purview of the [Utah] Workers' Compensation Act").

[35] ECF No. 30.